IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JELENA LUKE TODOROVIC CLEMENTE, <br><br> Plaintiff, <br><br> v. <br><br> JAMES ROSSETTI, ANNA KOGET, UNIVERSITY OF PITTSBURGH PHYSICIANS, UPMC PRESBYTERIAN SHADYSIDE, ALLEGHENY CLINIC, <br><br> Defendants. | 2:24-CV-00059-CCW |

**OPINION AND ORDER**

Before the Court are two Motions to Dismiss filed by the various defendants in this case. For the reasons set forth below, the Court will grant the Motions and dismiss pro se Plaintiff Jelena Luke Todorovic Clemente's Second Amended Complaint.

**I.  Factual Background**

This case arises from Defendants' medical treatment of Plaintiff's husband prior to his death. The relevant factual allegations, taken as true, are as follows.

In 2014, John V. Clemente, the husband of Plaintiff Jelena Luke Todorovic Clemente, was diagnosed with non-Hutchinson lymphoma. ECF No. 88 ¶ 14. He received chemotherapy, and his disease did not progress until the summer of 2020 when two genetic mutations were identified. *Id.* ¶¶ 14, 15. On October 16, 2020, Mr. Clemente visited the office of Defendant Dr. Anna Koget, who is an employee of Defendant Allegheny Clinic, to be assessed for a bone marrow transplant. *Id.* ¶¶ 8, 17. On November 11, 2020, Mr. Clemente was assessed for a bone marrow transplant by Defendant Dr. James Rossetti, who is an employee of Defendants University of Pittsburgh

Physicians and UPMC Presbyterian Shadyside. *Id.* ¶¶ 9, 10, 18. On April 7, 2021, Dr. Rossetti again assessed Mr. Clemente's condition, and on April 15, 2021, Dr. Rossetti performed a bone marrow transplant. *Id.* ¶¶ 25, 26. On August 30, 2021, a post-surgery assessment "revealed increased minimal residual disease," and on November 4, 2021, Dr. Rossetti treated Mr. Clemente with a donor lymphocyte infusion. *Id.* ¶¶ 33, 34. This infusion was later "identified as a trigger event which caused graft versus host disease and death." *Id.* ¶ 34.

On December 26, 2021, Mr. Clemente was admitted to UPMC Shadyside due to fever, loss of appetite, and lower abdominal pain and "was suspected of having a graft versus host disease." *Id.* ¶¶ 35, 37. On December 27, 2021, physicians at UPMC Shadyside noted that Mr. Clemente "had been taken off medicines that control graft versus host disease since August 2, 2021." *Id.* ¶ 38. During Mr. Clemente's admission to UPMC Shadyside, Dr. Rossetti treated him but Mr. Clemente's "health drastically deteriorated both physical and mentally" during this time. *Id.* ¶ 41. On February 2, 2022, Mr. Clemente was discharged from UPMC Shadyside to a nursing home. *Id.* ¶ 42. In mid-February, Mr. Clemente was diagnosed with severe liver and kidney failure and was readmitted to UPMC Shadyside. *Id.* ¶¶ 43, 44. On March 8, 2022, Mr. Clemente passed away. *Id.* ¶ 47.

Ms. Clemente filed her original complaint on behalf of herself and the estate of Mr. Clemente alleging claims of professional negligence and vicarious liability. ECF No. 1. The Court then issued an Order explaining that Ms. Clemente, as a pro se plaintiff, may not represent an estate in federal court, and directing her to retain counsel before filing any additional documents on behalf of the estate. ECF No. 50. Ms. Clemente filed an amended complaint, removing the estate of Mr. Clemente as a party. ECF No. 69. And on June 28, 2024, Ms. Clemente filed her Second Amended Complaint against Defendants, alleging that Drs. Koget and Rossetti were

professionally negligent in their treatment of Mr. Clemente (Counts 1 and 2), and that Allegheny Clinic, UPitt Physicians, and UPMC Shadyside ("the Institutional Defendants") are vicariously liable for the actions of Drs. Koget and Rossetti (Counts 3, 4, and 5). ECF No. 88. Defendants Allegheny Clinic and Dr. Koget filed a Motion to Dismiss, and Defendants UPitt Physicians, UPMC Shadyside, and Dr. Rossetti also filed a Motion to Dismiss. ECF Nos. 89, 92. The Motions are fully briefed and ripe for resolution.[1] ECF Nos. 89, 90, 92, 93, 95, 96, 97, 98.

## II.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations

---

[1] The Court has diversity jurisdiction over the parties' state law claims under 28 U.S.C. § 1332.

> that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").  And when resolving a pro se plaintiff's motion, courts "liberally construe pro se filings with an eye toward their substance rather than their form." *See United States v. Delgado*, 363 Fed. App'x 853, 855 (3d Cir. 2010).

### III. Legal Analysis

In her Second Amended Complaint, Ms. Clemente brings claims of professional negligence against Defendants Drs. Anna Koget and James Rossetti (Counts 1 and 2) as well as claims of vicarious liability against Defendants University of Pittsburgh Physicians, UPMC Presbyterian Shadyside, and the Allegheny Clinic (the "Institutional Defendants") (Counts 3, 4, and 5).[2]  ECF No. 88.  Defendants seek dismissal of Ms. Clemente's claims for two reasons:  first, they contend that she has failed to submit a certificate of merit as required under Pennsylvania law;  and second, that because she appears to be representing the estate of her late husband and his beneficiaries, she cannot pursue her claims in federal court as a pro se plaintiff.  ECF Nos. 90, 92.  The Court agrees

---

[2] Although Ms. Clemente's Second Amended Complaint appears to include a sixth Count, ECF No. 88 at 17, this Count does not allege an independent cause of action and instead reiterates her allegations in Counts 1–5 that Defendants were negligent and that she has suffered damages as a result.

that because Ms. Clemente is proceeding pro se and bringing wrongful-death and survival claims on behalf of Mr. Clemente's estate and its beneficiaries, she has failed to allege sufficient facts that would allow her to proceed pro se with her case.[3]

### A.    Pennsylvania Substantive Law Applies.

Because this Court is sitting in diversity jurisdiction, it must apply the choice-of-law rules of Pennsylvania as the forum state. *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). The Court, however, need not engage in this choice-of-law analysis because both parties have applied Pennsylvania law when analyzing the claims in the Second Amended Complaint. *See* ECF No. 90 at 11–12; ECF No. 93 at 8–9; ECF No. 95 at 13–19; ECF No. 96 at 13–19; *Galaxy Int'l, Inc. v. Merchants Distribs., LLC*, No. 22-302, 2023 WL 4949864, at *2 (W.D. Pa. Aug. 3, 2023) (Fischer, J.) (citing *Schiavone Constr. Co. v. Time, Inc.*, 735 F.2d 94, 96 (3d Cir. 1984)) ("[T]he parties do not dispute that Pennsylvania law applies to this case, and the Court need not engage in a choice of law analysis."). Accordingly, because both parties agree Pennsylvania law applies, the Court will apply substantive Pennsylvania law to Ms. Clemente's professional negligence claims.

### B.    The Survival Claims in Counts 1 and 2 will be Dismissed.

In Counts 1 and 2 of her Second Amended Complaint, Ms. Clemente alleges that Drs. Koget and Rossetti deviated from the standard of care in their treatment of Mr. Clemente which resulted in "unnecessary invasive treatment" and "severe personal injuries that lead [sic] to his death." ECF No. 88 ¶¶ 48–53. In response, Defendants assert that these claims are actually survival claims brought on behalf of Mr. Clemente's estate, and as a pro se plaintiff in federal

---

[3] Because the Court finds that Ms. Clemente cannot bring her claims in federal court as a pro se plaintiff, it need not address whether her case should be dismissed for the failure to submit a certificate of merit.

court, Ms. Clemente cannot represent an estate. ECF Nos. 90 at 10–12; 93 at 7–9. The Court agrees with Defendants.

Under the Pennsylvania Survival Act, "[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff." 42 Pa. Cons. Stat. Ann. § 8302. A survival action "is brought by the administrator or executor of a decedent's estate in order to recover damages for the decedent's pain and suffering." *Cowher v. Kodali*, 283 A.3d 794, 795 n.1 (Pa. 2022). Therefore, a survival action is brought on behalf of the decedent's estate. And here, because Ms. Clemente asserts claims for Mr. Clemente's pain and suffering under Pennsylvania law, she is bringing survival claims on behalf of Mr. Clemente's estate.

Ms. Clemente, however, may not represent Mr. Clemente's estate. A plaintiff proceeding pro se "may not represent other parties in federal court." *Murray ex rel. Purnell v. City of Phila.*, 901 F.3d 169, 170 (3d Cir. 2018); *see also Miller v. C.A.D.E.S.*, No. 20-cv-0612, 2020 WL 959295, at * 2 (E.D. Pa. Feb. 26, 2020) ("[T]here is no authority for the proposition that an executor of an estate who is not an attorney may file suit on behalf of an estate . . . ."). And here, Ms. Clemente is seeking to represent another entity—the estate of her late husband. Further, "'[i]f an estate has one or more beneficiaries besides the administrator, then the case is not the administrator's own because the interests of the other parties are directly at stake' and those interests 'may not be represented by a non-attorney administrator of an estate.'" *Doncheva v. Citizens Bank of Pa.*, 820 F. App'x 133, 135 (3d Cir. 2020) (citation omitted) (finding that pro se plaintiff could not bring claims on behalf of the decedent's estate where she was both an administrator of the estate and a beneficiary but may not have been the sole beneficiary). Ms. Clemente has not alleged that she is the sole beneficiary and that there are no creditors, indicating that other parties' interests may be at stake—and Ms. Clemente may not represent these interests.

6

*See generally* ECF No. 88. Therefore, because Ms. Clemente is proceeding pro se, bringing survival claims on behalf of the estate, and has not shown that no other interests are at stake, the Court will dismiss the survival claims in Counts 1 and 2. Ms. Clemente, however, will be granted leave to amend her survival claims.

### C. The Wrongful Death Claims in Counts 1 and 2 will be Dismissed.

In Counts 1 and 2 of her Second Amended Complaint, Ms. Clemente also alleges that Mr. Clemente's death caused her to lose "use of communal property—tractor, for which only [Mr. Clemente] had skills and knowledge needed to produce hay on his 50 acre farm in Kentucky, thus contributing to matrimonial well being and living standard of [Ms. Clemente]." ECF No. 88 ¶¶ 50, 53. In response, Defendants assert that these claims constitute wrongful death claims which can only be brought on behalf of the estate's beneficiaries, and as a pro se Plaintiff in federal court, Ms. Clemente cannot represent other individuals or entities. ECF Nos. 90 at 10–12; 93 at 7–9.

Under the Pennsylvania Wrongful Death Act, a plaintiff may bring an action "to recover damages for the death of an individual caused by the wrongful act . . . or negligence of another." 42 Pa. Cons. Stat. Ann. § 8301(a). A wrongful death action "is designed to compensate the spouse, children, and parents of the deceased for the pecuniary loss they have sustained as a result of the decedent's death." *Cowher*, 283 A.3d at 795, n.1 (citing 42 Pa. Cons. Stat. Ann. § 8301(b) ("[Wrongful death actions] exist only for the benefit of the spouse, children or parents of the deceased [and any] damages recovered shall be distributed to the beneficiaries…")). Therefore, a wrongful death action is brought on behalf of the decedent's spouse, children, parents, and any other beneficiaries. Because Ms. Clemente asserts professional negligence claims to recover damages from Mr. Clemente's death under Pennsylvania law, she is bringing wrongful death claims on behalf of Mr. Clemente's beneficiaries.

7

Ms. Clemente, however, may not represent Mr. Clemente's beneficiaries. As noted above, *see* Part III.B, a plaintiff proceeding pro se "may not represent other parties in federal court." *Murray*, 901 F.3d at 170. And here, Ms. Clemente is seeking to represent another entity—the beneficiaries of her late husband's estate. Further, she has not shown that she is the sole beneficiary and that there are no creditors; accordingly, other parties may have interests at stake and Ms. Clemente may not represent them. *See Miller*, 2020 WL 959295, at *2 (citing *Caputo v. Forceno*, Civ. A. No. 15-1911, 2015 WL 2089401, at *2 (E.D. Pa. May 5, 2015)) ("Federal courts generally will only permit a non-attorney to proceed *pro se* in her capacity as the administratrix of an estate when she is the sole beneficiary and the estate has no creditors."). Therefore, because Ms. Clemente is proceeding pro se, bringing wrongful death claims on behalf of the estate's beneficiaries, and has not shown that no other interests are at stake, the Court will dismiss the wrongful death claims in Counts 1 and 2. Ms. Clemente, however, will be granted leave to amend her wrongful death claims.

### D. The Vicarious Liability Claims will be Dismissed.

In Counts 3, 4, and 5, Ms. Clemente alleges that the Institutional Defendants are vicariously liable for the actions of Drs. Koget and Rossetti. ECF No. 88. But because the Court will dismiss Ms. Clemente's claims in Counts 1 and 2, the vicarious liability claims in the remaining counts also fail because there is no underlying liability on which to hold the Institutional Defendants vicariously liable. *Abraham v. Greater New Castle Comm. Federal Credit Union*, No. 15-632, 2016 WL 1161217, at *4 (W.D. Pa. Mar. 23, 2016) (Bissoon, J.) ("[I]n the absence of an underlying tort by the employee, there can be no vicarious liability on the part of an employer.") (cleaned up). Accordingly, the Court will dismiss the vicarious liability claims in Counts 3, 4, and

8

5. Further, because the Court has granted leave to amend Counts 1 and 2, it will also grant leave to amend the vicarious liability claims in Counts 3, 4, and 5.

## IV. Conclusion

For the forgoing reasons, IT IS HEREBY ORDERED that the Motions to Dismiss by Defendants, *see* ECF Nos. 89, 92, are GRANTED, and Ms. Clemente's Second Amended Complaint, ECF No. 88, is DISMISSED WITHOUT PREJUDICE.  IT IS FURTHER ORDERED that Ms. Clemente is granted leave to amend her wrongful death claims, survival claims, and vicarious liability claims in Counts 1–5.  Ms. Clemente shall file any amended complaint on or before December 23, 2024.  If no amended complaint if filed by that date, the dismissal will be converted to one with prejudice, without further action of the Court.

DATED this 2nd day of December, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):
All Counsel of Record

cc (US Mail):
Jelena Luke Todorovic Clemente
101 West Main Street, Ste 6
Clinton, NJ 08809