IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JELENA LUKE TODOROVIC CLEMENTE,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES ROSSETTI, ANNA KOGET, UNIVERSITY OF PITTSBURGH PHYSICIANS, UPMC PRESBYTERIAN SHADYSIDE, ALLEGHENY CLINIC,<br><br>  Defendants. | 2:24-CV-00059-CCW |

**OPINION**

Before the Court are two Motions to Dismiss filed by the various Defendants in this case. ECF Nos. 110, 113. For the reasons set forth below, the Court will grant the Motions and dismiss *pro se* Plaintiff Jelena Luke Todorovic Clemente's Third Amended Complaint.

**I.    Factual Background**

This case arises from Defendants' medical treatment of Plaintiff's husband prior to his death. The relevant factual allegations, taken as true, are as follows.

In 2014, John V. Clemente, the husband of Plaintiff Jelena Luke Todorovic Clemente, was diagnosed with non-Hutchinson lymphoma. ECF No. 106 ¶ 14. He received chemotherapy, and his disease did not progress until the summer of 2020 when two genetic mutations were identified. *Id.* ¶¶ 14, 15. On October 16, 2020, Mr. Clemente visited the office of Defendant Dr. Anna Koget, who is an employee of Defendant Allegheny Clinic, to be assessed for a bone marrow transplant. *Id.* ¶¶ 8, 17. On November 11, 2020, Mr. Clemente was assessed for a bone marrow transplant by Defendant Dr. James Rossetti, who is an employee of Defendants University of Pittsburgh

Physicians and UPMC Presbyterian Shadyside. *Id.* ¶¶ 9, 10, 18. On April 7, 2021, Dr. Rossetti again assessed Mr. Clemente's condition, and on April 15, 2021, Dr. Rossetti performed a bone marrow transplant. *Id.* ¶¶ 25, 26. On August 30, 2021, a post-surgery assessment "revealed increased minimal residual disease," and on November 4, 2021, Dr. Rossetti treated Mr. Clemente with a donor lymphocyte infusion. *Id.* ¶¶ 33, 34. This infusion was later "identified as a trigger event which caused graft versus host disease and death." *Id.* ¶ 34.

On December 26, 2021, Mr. Clemente was admitted to UPMC Shadyside due to fever, loss of appetite, and lower abdominal pain and "was suspected of having a graft versus host disease." *Id.* ¶¶ 35, 37. On December 27, 2021, physicians at UPMC Shadyside noted that Mr. Clemente "had been taken off medicines that control graft versus host disease since August 2, 2021." *Id.* ¶ 38. During Mr. Clemente's admission to UPMC Shadyside, Dr. Rossetti treated him but Mr. Clemente's "health drastically deteriorated both physically and mentally" during this time. *Id.* ¶ 41. On February 2, 2022, Mr. Clemente was discharged from UPMC Shadyside to a nursing home. *Id.* ¶ 42. In mid-February, Mr. Clemente was diagnosed with severe liver and kidney failure and was readmitted to UPMC Shadyside. *Id.* ¶¶ 43, 44. On March 8, 2022, Mr. Clemente passed away. *Id.* ¶ 47.

Ms. Clemente filed her original complaint on behalf of herself and the estate of Mr. Clemente alleging claims of professional negligence and vicarious liability. ECF No. 1. The Court then issued an Order explaining that Ms. Clemente, as a *pro se* plaintiff, may not represent an estate in federal court, and it directed her to retain counsel before filing any additional documents on behalf of the estate. ECF No. 50. Instead of obtaining counsel, Ms. Clemente filed an amended complaint, removing the estate of Mr. Clemente as a party. ECF No. 69. On June 28, 2024, Ms. Clemente filed a second amended complaint against Defendants, alleging that Drs. Koget and

2

Rossetti were professionally negligent in their treatment of Mr. Clemente (Counts 1 and 2), and that Allegheny Clinic, UPitt Physicians, and UPMC Shadyside ("the Institutional Defendants") are vicariously liable for the actions of Drs. Koget and Rossetti (Counts 3, 4, and 5). ECF No. 88. Defendants subsequently filed two motions to dismiss, ECF Nos. 89, 92, and on December 2, 2024, the Court granted their motions, ECF No. 99.

On December 18, 2024, Ms. Clemente filed a motion for leave to file an amended complaint. ECF No. 104. The Court granted that motion, ECF No. 105, and on December 19, 2024, Ms. Clemente filed her Third Amended Complaint ("TAC"), ECF No. 106. The TAC alleges the same claims against the same Defendants based on the same facts as alleged in her second amended complaint. ECF No. 106. Ms. Clemente also attaches several exhibits to her TAC, including: (1) affidavits from Dolores Samantha Clemente, the allegedly sole beneficiary of Mr. Clemente's estate, ECF No. 107 at 3–8; (2) the Last Will and Testament of Mr. Clemente, *id.* at 10–15; and (3) an affidavit of Ms. Clemente as well as financial records relating to Mr. Clemente's estate, *id.* at 17–23.[1] Defendants Allegheny Clinic and Dr. Koget have filed a Motion to Dismiss the Third Amended Complaint, ECF No. 110, as have Defendants UPitt Physicians, UPMC Shadyside, and Dr. Rossetti, ECF No. 113. The Motions are fully briefed and ripe for resolution.[2] ECF Nos. 110, 111, 113, 114, 116, 117, 119, 120.

---

[1] When ruling on a motion to dismiss, courts generally "may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But a court may consider an extraneous document where "it is 'integral to or explicitly relied upon in the complaint.'" *Lepore v. SelectQupte Ins. Servs., Inc.*, No. 22-3390, 2023 WL 8469761, at *2 (3d Cir. Dec. 7, 2023) (citing *In re Burlington*, 114 F.3d at 1426). Here, in her TAC, Ms. Clemente has attached multiple documents purporting to show that the only other beneficiary has disclaimed her interest in Mr. Clemente's estate and that the estate has no creditors. ECF No. 107. The Court finds that these documents are integral to the TAC because Ms. Clemente's ability to bring her claims by representing the estate *pro se* depends on showing that she is the sole beneficiary and that no other interests are at stake. Further, Defendants also refer to these documents in their Motions to Dismiss. ECF No. 111 at 11; 114 at 8. Accordingly, the Court will consider these documents in its analysis and cite to them for the relevant factual allegations.

[2] The Court has diversity jurisdiction over the parties' state law claims under 28 U.S.C. § 1332.

3

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly*

*v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss"). And when resolving a *pro se* plaintiff's motion, courts "liberally construe *pro se* filings with an eye toward their substance rather than their form." *See United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010).

**III.   Legal Analysis**

In her TAC, Ms. Clemente brings claims of professional negligence against Drs. Anna Koget and James Rossetti (Counts 1 and 2) as well as claims of vicarious liability against the Institutional Defendants (Counts 3, 4, and 5).[3] ECF No. 106. Defendants seek dismissal of Ms. Clemente's claims for two reasons: first, they contend that she has failed to submit a certificate of merit as required under Pennsylvania law; and second, that because she appears to be representing the estate of her late husband and his beneficiaries, she cannot pursue her claims in federal court as a *pro se* plaintiff. ECF Nos. 110, 113. The Court agrees that because Ms. Clemente is proceeding *pro se* and bringing wrongful death claims[4] on behalf of Mr. Clemente's estate and its beneficiaries, she has failed to allege sufficient facts that would allow her to proceed *pro se*.[5]

**A.   Pennsylvania Substantive Law Applies.**

Because this Court is sitting in diversity jurisdiction, it must apply the choice-of-law rules of Pennsylvania as the forum state. *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d

---

[3] Although Ms. Clemente's TAC appears to include a sixth Count, ECF No. 106 at 17, this Count does not allege an independent cause of action and instead reiterates her allegations in Counts 1–5 that Defendants were negligent and that she has suffered damages as a result.

[4] In her Motion to for Leave to File an Amended Complaint, Ms. Clemente makes clear that she is only bringing wrongful death claims and not survival claims. ECF No. 104 at 2 ("[The TAC seeks] to claim only damages that incur due to a wrongful death of husband [sic], and to remove claims of damages under survivorship action.").

[5] Because the Court finds that Ms. Clemente cannot bring her claims in federal court as a *pro se* plaintiff, it need not address whether her case should be dismissed for the failure to submit a certificate of merit.

5

Cir. 2006) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). The Court, however, need not engage in this choice-of-law analysis because both parties have applied Pennsylvania law when analyzing the claims in the TAC. *See* ECF No. 111 at 10–12; ECF No. 114 at 7–9; ECF No. 116 at 12–18; ECF No. 117 at 12–18; *Galaxy Int'l, Inc. v. Merchants Distribs., LLC*, No. 22-302, 2023 WL 4949864, at *2 (W.D. Pa. Aug. 3, 2023) (Fischer, J.) (citing *Schiavone Constr. Co. v. Time, Inc.*, 735 F.2d 94, 96 (3d Cir. 1984)) ("[T]he parties do not dispute that Pennsylvania law applies to this case, and the Court need not engage in a choice of law analysis."). Accordingly, because both parties agree Pennsylvania law applies, the Court will apply substantive Pennsylvania law to Ms. Clemente's professional negligence claims.

### B.     The Wrongful Death Claims in Counts 1 and 2 will be Dismissed.

In Counts 1 and 2 of her TAC, Ms. Clemente brings wrongful death claims, alleging that Mr. Clemente's death caused her to lose "use of communal property—tractor, for which only [Mr. Clemente] had skills and knowledge needed to produce hay on his 50 acres farm in Kentucky, thus contributing to matrimonial well being and living standard of [Ms. Clemente]." ECF No. 106 ¶¶ 50, 53. Defendants seek to dismiss these wrongful death claims, arguing that they are brought on behalf of the estate's beneficiaries, and as a *pro se* Plaintiff in federal court, Ms. Clemente cannot represent other individuals or entities. ECF Nos. 111 at 10–12; 114 at 7–9. And although Ms. Clemente claims that there is one sole beneficiary who has disclaimed her interest in the estate, ECF No. 120 at 4–5, Defendants respond that under the Pennsylvania Wrongful Death Act, "Ms. Clemente may not, via affidavit, supersede the statutory allocation of damages," ECF Nos. 111 at 10–12; 114 at 7–9.

Under the Pennsylvania Wrongful Death Act, a plaintiff may bring an action "to recover damages for the death of an individual caused by the wrongful act . . . or negligence of another."

6

42 Pa. Cons. Stat. Ann. § 8301(a).  A wrongful death action "is designed to compensate the spouse, children, and parents of the deceased for the pecuniary loss they have sustained as a result of the decedent's death." *Cowher v. Kodali*, 283 A.3d 794, 795 n.1 (Pa. 2022) (citing 42 Pa. Cons. Stat. Ann. § 8301(b)).  Therefore, because Ms. Clemente asserts professional negligence claims to recover damages from Mr. Clemente's death under Pennsylvania law, she is bringing wrongful death claims on behalf of Mr. Clemente's beneficiaries.  *See also* ECF No. 104 at 2 (Ms. Clemente affirming that she is bringing wrongful death claims).

Ms. Clemente, however, may not represent beneficiaries of Mr. Clemente's estate in federal court.  *Murray ex rel. Purnell v. City of Phila.*, 901 F.3d 169, 170 (3d Cir. 2018) (explaining that *pro se* plaintiffs "may not represent other parties in federal court.").  And here, Ms. Clemente has not sufficiently shown that she is the sole beneficiary and that there are no other interests at stake.  *See Miller v. C.A.D.E.S.*, No. 20-cv-0612, 2020 WL 959295, at * 2 (E.D. Pa. Feb. 26, 2020) ("Federal courts generally will only permit a non-attorney to proceed *pro se* in her capacity as the administratrix of an estate when she is the sole beneficiary and the estate has no creditors.").  Ms. Clemente argues that there is only one other beneficiary, Dolores Samantha Clemente, and Dolores Clemente has written an affidavit and signed a general release of liability disclaiming her interest in the estate.  ECF No. 107 at 3–8 (Dolores Samantha Clemente disclaiming her interest in Mr. Clemente's estate);  ECF No. 120 at 4 (Ms. Clemente arguing that the only other beneficiary of Mr. Clemente's estate has released any interest in a judgment from the wrongful death claims).

But Mr. Clemente's Last Will and Testament refers to two other potential beneficiaries.  ECF No. 107 at 11 ("In the event my said daughter, DOLORES CLEMENTE should predecease me, I then give . . . my estate unto my daughter, ERIN KATHRYN CLEMENTE and my son, JOHN ELLIOT CLEMENTE.").  Furthermore, Ms. Clemente's Brief in Opposition appears to

7

refer to the existence of other beneficiaries. ECF No. 120 at 5 ("[T]he potential beneficiaries that are notified by the Plaintiff, the factual circumstances is that they are not living in the same household with the deceased Mr. Clemente for 20 (twenty) years before his death, and that Clemente's financial support for them was discontinued several years before his death. These beneficiaries never filed any action in regard to death of John Clemente, never showed interests in joining the action after being informed . . . ."). Therefore, it appears to the Court that there may be other children of Mr. Clemente, besides Dolores Samantha Clemente, who could be entitled to recover under the Pennsylvania Wrongful Death Statute. 42 Pa. Cons. Stat. Ann. § 8301(b)) ("[Wrongful death actions] exist only for the benefit of the spouse, children or parents of the deceased [and any] damages recovered shall be distributed to the beneficiaries . . . ."). And Ms. Clemente may not represent them in federal court.

Ms. Clemente also attaches an affidavit in which she attests that she "conducted a thorough review of the Estate's financial records" and certifies that "the Estate does not have debts." ECF No. 107 at 17. She also attaches several bank statements which purportedly show that the estate has no creditors. *Id.* at 20–23. The Court, however, finds that Ms. Clemente's assertion and the attached bank statements are insufficient to show that the estate has no creditors. Accordingly, the Court finds that other parties beside Ms. Clemente may have interests at stake, and Ms. Clemente may not represent them. Therefore, because Ms. Clemente is proceeding *pro se*, bringing wrongful death claims on behalf of the estate's beneficiaries, and has not shown that no other interests are at stake, the Court will dismiss the wrongful death claims in Counts 1 and 2. The dismissal will be with prejudice regarding Ms. Clemente's ability to represent the estate *pro se*, but without prejudice to a future action being brought on behalf of the estate when represented by counsel.

### C. The Vicarious Liability Claims will be Dismissed.

In Counts 3, 4, and 5, Ms. Clemente alleges that the Institutional Defendants are vicariously liable for the actions of Drs. Koget and Rossetti. ECF No. 106 ¶¶ 54–67. But because the Court will dismiss Ms. Clemente's claims in Counts 1 and 2, the vicarious liability claims in the remaining counts also fail because there is no underlying liability on which to hold the Institutional Defendants vicariously liable. *Abraham v. Greater New Castle Comm. Federal Credit Union*, No. 15-632, 2016 WL 1161217, at *4 (W.D. Pa. Mar. 23, 2016) (Bissoon, J.) ("[I]n the absence of an underlying tort by the employee, there can be no vicarious liability on the part of an employer.") (cleaned up). Accordingly, the Court will dismiss the vicarious liability claims in Counts 3, 4, and 5. The terms of dismissal are the same as for Counts 1 and 2.

### IV. Conclusion

For the forgoing reasons, the Motions to Dismiss by Defendants, ECF Nos. 110, 113, will be GRANTED, and Ms. Clemente's Third Amended Complaint, ECF No. 106, will be DISMISSED, as further set forth in the attached Order.

DATED this 29th day of August, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):
All Counsel of Record

cc (U.S. Mail):
Jelena Luke Todorovic Clemente
101 West Main Street, Ste 6
Clinton, NJ 08809
Plaintiff *pro se*